UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

IGOR LIBERMAN,

          Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. GILOT LEMORIN
SHIELD NO. 935177, P.O. BRENT CURRY
SHIELD NO. 3041, P.O. JUAN CRUZ, SHIELD
NO. 7400, P.O. GABRIEL FELICIANO SHIELD
NO. 7202, P.O. PAUL PENCO, SHIELD NO. 11138
and P.O. DWAYNE HODGE, SHIELD NO. 26465.

          Defendants.
------------------------------------------------------------ X

Case No.: 14 CV 2777(NNG)(VVP)

AMENDED
COMPLAINT IN CIVIL CASE
JURY TRIAL DEMANDED

Plaintiff, IGOR LIBERMAN, by his attorney, ADRIAN A. ELLIS, LLC, alleges as follows:

1. This is a civil rights action brought by plaintiff Igor Liberman (hereinafter "Liberman" or "Plaintiff") for damages pursuant to 42 U.S.C. § 1983. Whilst seeking to calm and restrain the plaintiff who is a diagnosed as suffering from anxiety. The defendants instead assaulted the plaintiff causing him to suffer physical and emotional damage.

2. The plaintiff now seeks redress against the City of New York, defendants P.O. Lemorin, shield number 10603, P.O. Brent Curry, shield number 3041, P.O. Juan Cruz, shield number 7400, P.O. Gabriel Feliciano, shield number 7202, P.O. Paul Penco, shield number 11138 and P.O. Dwayne Hodge, shield number 26465 who caused or allowed the assault to occur by failing to intervene when said assault was occurring.

## JURISDICTION AND VENUE

3. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3-4).

5. The acts complained of occurred in the Eastern District of New York and venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Igor Liberman is a resident of Brooklyn, New York and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Kings County.

7. At all times relevant to this action, defendants P.O. Lemorin, Shield Number 935177, P.O. Brent Curry, shield number 3041, P.O. Juan Cruz, shield number 7400, P.O. Gabriel Feliciano, shield number 7202, P.O. Paul Penco, shield number 11138 and P.O. Dwayne Hodge, shield number 26465 were police officers employed by the City of New York Police Department to perform duties in the borough of Brooklyn and were assigned to various commands in New York City.

   a. At all relevant times, these defendants were acting as the agents, servants, and employees of the defendant City of New York.

   b. These defendants are sued individually and in their official capacities.

8. The defendant-City of New York is a municipality that is incorporated under the laws of the State of New York and, at all relevant times, it employed the other defendants in this action.

9. At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel.

Prior to the commencement of this action, a notice of claim in writing was served on behalf of Igor Liberman, upon the defendants in accordance with Section 50-e of the General Municipal Law.

10. Prior to the commencement of this action, notice of the intention of Igor Liberman to commence an action, unless the claim presented was adjusted within the prescribed time as set forth by applicable law to adjust such claims, was served on behalf of Igor Liberman, upon the defendants.

11. Although more than thirty (30) days have elapsed since service of such notice of claim, the defendant's neglected and have refused to pay said claim or adjust same.

12. That the hearing required by GML 50-h has been held or otherwise waived by the defendants.

13. This action is commenced within one (1) year and ninety (90) days from April 2, 2013, the date of the incident as herein set forth occurred.

14. On April 2, 2013 the plaintiff was at 9000 Shore Road, # 6F East, Brooklyn, New York the home of his grandmother, Lyubov Fumbarova, when he became engaged in an argument with his grandmother over money. After a protracted verbal back and forth the plaintiff became increasingly agitated. Due to the plaintiff's struggles with his mental health issues his grandmother called the plaintiff's father. The plaintiff's father was unable to calm the plaintiff down and he himself was unable to leave work so he called 911. The plaintiff has a history of engaging in "cutting" which is a form of self-mutilation whereas a person cuts their own skin and in crushing and ripping an aluminum can with his hands the plaintiff suffered some superficial wounds to his wrist causing minor bleeding.

15. When the police knocked the front door, plaintiff opened the door for them. When the police arrived it was approximately 7-10 officers, including the officers named herein. The plaintiff was standing in the living/dining, bedroom area of the small studio apartment with a nickel sized piece of aluminum can in his hand. Plaintiff's grandmother was standing in the kitchen area untouched and unharmed. The police shepherded plaintiff into a corner and surrounded him. One officer then instructed the plaintiff to put down the nickel sized piece of aluminum can that he was holding. Plaintiff was coaxed to come outside and "grab a cigarette and relax." Plaintiff whose arms were by his chest allowed his arms to fall downwards, as he released the piece of aluminum can, however he was struck by a baton on his left hand almost simultaneously with his release of the piece of can. As a result of the force of the strike plaintiff bent over in pain at which time he was sprayed with chemical agents and then physically assaulted, which included the defendants ramming his head into a wall in Ms. Fumbarova's apartment, thereby damaging said wall.

16. Plaintiff was then told that he was under arrest and handcuffed. Whilst handcuffed emergency medical technicians arrived on the scene and tended to the plaintiff. Plaintiff was then transported to Lutheran Hospital for treatment.

17. After plaintiff received a band aid for the superficial cut to his wrist and x-rays of his hand he was seen by a Psychiatrist. The examining Psychiatrist asked the police to remove the handcuffs of plaintiff and after a brief examination plaintiff was released without the need for any further treatment or medication for his mental state.

<u>FIRST CLAIM FOR RELIEF PURSUANT TO 42 U.S.C § 1983 AGAINST DEFENDANT CITY OF NEW YORK</u>

18. As a result of the misconduct described above, plaintiff experienced humiliation, emotional distress, physical injuries, pain and suffering, incurred medical expenses, in connection with his medical treatment, and was otherwise damaged.

19. The Plaintiff, Igor Liberman, sustained severe, serious, painful and permanent injuries, both physically and mentally, suffered and still suffers severe pain and agony, required and will require medical care and attention, was and will be required to pay therefore, and was incapacitated by reason thereof and was otherwise injured and damaged, had lost sums of money which he otherwise would have earned, as a result of the conduct described in this complaint.

20. As a consequence of the abuse of authority detailed above, plaintiff sustained the damages listed above.

21. The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the City of New York Police Department.

22. Defendant City of New York failed to instruct defendants P.O. Lemorin, shield number 10603, P.O. Brent Curry, shield number 3041, P.O. Juan Cruz, shield number 7400, P.O. Gabriel Feliciano, shield number 7202, P.O. Paul Penco, shield number 11138 and P.O. Dwayne Hodge, shield number 26465 in the applicable provisions of the State Penal Law of the State of New York and the proper and prudent use of force.

23. Defendant City of New York failed to instruct defendants P.O. Lemorin, shield number 10603, P.O. Brent Curry, shield number 3041, P.O. Juan Cruz, shield number 7400, P.O. Gabriel Feliciano, shield number 7202, P.O. Paul Penco, shield number 11138 and P.O. Dwayne Hodge, shield number 26465 in the proper and prudent use of force and how to conduct themselves in dealing with emotionally disturbed persons.

24. Defendant City of New York authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

   a. Failing to properly discipline, restrict, and control employees, including defendants known to be irresponsible in their dealings with citizens of the community;

   b. Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically; P.O. Lemorin, shield number 10603, P.O. Brent Curry, shield number 3041, P.O. Juan Cruz, shield number 7400, P.O. Gabriel Feliciano, shield number 7202, P.O. Paul Penco, shield number 11138 and P.O. Dwayne Hodge, shield number 26465.

   c. Failing to forward to the office of the District Attorney of Kings County evidence of criminal acts committed by police personnel;

   d. Failing to establish or assure a functioning bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

25. The actions and omissions described above, engaged in under color of state authority by the defendants (including defendant City of New York, sued as a person responsible because of its authorization, condonation, and ratification of the acts of its agents) deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the plaintiff's:

   a. Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and

    b. Eighth Amendment right to be free from cruel and unusual punishment.

## SECOND CLAIM FOR RELIEF PURSUANT TO 42 U.S.C § 1983 AGAINST DEFENDANT CITY OF NEW YORK

26. Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

27. The incidents of April 2, 2013 where Police Officers assault persons who are suffering from emotional disturbances or mental illnesses was and is widespread and tolerated by and known to the City.

28. The City has consistently failed to discipline, train and supervise its officers regarding the use of force against emotionally disturbed individuals and persons suffering from mental illnesses by refusing to take corrective action against officers and by providing adequate training.

29. The City was aware that police officers use unauthorized and excessive force against emotionally disturbed individuals and persons suffering from mental illnesses and that such practice presented an imminent harm to the plaintiff.

30. Additionally, the City has consistently failed to properly investigate incidents of use of force thereby implicitly declaring the City's sanction of such incidents.

31. The above described policies and customs and failures to train, supervise and discipline clearly illustrates the deliberate indifference on the part of the City to the constitutional rights of person within New York City and was the cause of the violations of plaintiff's rights.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM FOR RELIEF PURSUANT TO 42 U.S.C §1983 AGAINST DEFENDANTS CITY OF NEW YORK, P.O. LEMORIN, P.O. BRENT CURRY, P.O. JUAN CRUZ, P.O. GABRIEL FELICIANO, P.O. PAUL PENCO and P.O. DWAYNE HODGE.

Plaintiff repeats and realigns each and every allegation as if fully set forth herein.

33. By reason of the foregoing and by the use of unnecessary and excessive force against the plaintiff, the defendants deprived plaintiff of his rights, privileges, protections and immunities guaranteed to him pursuant to 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from deliberate indifference to his safety in violation of the Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. 1983 .

34. Defendants P.O. Lemorin, shield number 10603, P.O. Brent Curry, shield number 3041, P.O. Juan Cruz, shield number 7400, P.O. Gabriel Feliciano, shield number 7202, P.O. Paul Penco, shield number 11138 and P.O. Dwayne Hodge, shield number 26465 acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment as New York City Police officers and employees. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law and an abuse of their powers. The defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

35. As a direct and proximate result of the unnecessary and excessive use of force and abuse of authority the plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANTS CITY OF NEW YORK AND P.O. LEMORIN, P.O. BRENT CURRY, P.O. JUAN CRUZ,

Dated: Brooklyn, New York
September 8, 2014

                                  Yours, Etc.
                                  ADRIAN A. ELLIS, LLC.
                                  BY: _____
                                  ADRIAN A. ELLIS, ESQ.,
                                  Attorney for the Plaintiff(s)
                                  26 Court Street, Suite 1600
                                  Brooklyn, NY 11242
                                  (718) 596-1308